1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  RUSSELL HAROLD MILLER,                    CASE NO. 05CV1740 WQH (AJB)

12                              Petitioner,    ORDER ADOPTING REPORT AND
                vs.                            RECOMMENDATION
13  JAMES YATES, et al.,

14                              Respondent.

15

16  HAYES, Judge:

17          Pending before the Court is the Report and Recommendation (Doc. # 30) of Magistrate Judge

18  Anthony J. Battaglia, filed on September 8, 2006, recommending that the Court deny Petitioner

19  Russell Harold Miller's Petition for Writ of Habeas Corpus (Doc. # 1).

20                              **BACKGROUND**

21          Petitioner Russell Harold Miller seeks habeas relief pursuant to 28 U.S.C. § 2254, challenging

22  his state court conviction for multiple robberies.  Petitioner seeks relief on the grounds that his trial

23  attorney was ineffective under the Sixth Amendment.  Specifically, Petitioner argues that his trial

24  attorney improperly, (1) failed to employ an identification expert, (2) failed to introduce a motel

25  receipt to corroborate his alibi defense, (3) failed to prevent the jury from learning of his parole status,

26  and (4) failed to investigate and present evidence of third-party culpability.  Petition for Writ of

27  Habeas Corpus at 17-20.  The Report and Recommendation recommends denial of the Petition on the

28  grounds that the Petitioner failed to demonstrate that the state court's adjudication of his ineffective

assistance claim was contrary to or an unreasonable application of applicable United States Supreme Court precedent. The Report and Recommendation concluded that the state court's adjudication was based on a reasonable determination of the facts. Neither party filed objections to the Report and Recommendation.

### STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

When no objections are filed, the district court may assume the correctness of the magistrate judge's factual findings and decide the motion on the applicable law. *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001), *citing Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1989). "[A] failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*. *Barila v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

### DISCUSSION

Petitioner seeks habeas relief on the grounds that his attorney's inadequate representation during trial constituted a violation of Petitioner's right to effective assistance of counsel under the Sixth Amendment. Petitioner argues that his attorney's deficient representation entitles him to a new trial.

In order to prevail on a claim for ineffective assistance of counsel, Petitioner must prove that defense counsel's representation fell "outside the wide range of professional competence," and that the deficient representation prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether trial counsel's representation was deficient, a court should consider the representation with a strong presumption that trial counsel's actions resulted from sound strategy. *Id*. To establish prejudice, a petitioner must show that, absent the deficient representation,

1  the outcome of the case would have been different. *Id*. at 694.

2  Petitioner argues that his trial counsel's performance was constitutionally deficient because

3  counsel (1) failed to employ an identification expert, (2) failed to introduce a motel receipt to

4  corroborate his alibi defense, (3) failed to prevent the jury from learning of his parole status, and (4)

5  failed to investigate and present evidence of third-party culpability.  On direct appeal, the California

6  Court of Appeal concluded that each of these so-called failures was either a tactical omission by trial

7  counsel, or else would have added little to Petitioner's defense.  The California Court of Appeal

8  further concluded that there was strong evidence of Petitioner's guilt, and that cumulatively or

9  individually, none of the alleged failures of defense counsel prejudiced Petitioner.

10  Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus shall not be granted

11  with respect to a claim adjudicated on the merits in a state court proceeding unless the adjudication

12  of the claim,

13  (1) resulted in a decision that was contrary to, or involved an unreasonable application
of, clearly established Federal law, as determined by the Supreme Court of the United

14  States; or (2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

15

16  28 U.S.C. § 2254(d); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006).  Here, the

17  Magistrate Judge concluded that the decision of the California Court of Appeal was reasonable, not

18  contrary to clearly established federal law, and faithful to *Strickland*.  Report & Recommendation at

19  11-12.  Accordingly, the Magistrate Judge's Report and Recommendation recommends that this Court

20  deny Petitioner habeas relief.

21  After reviewing the Petition for Writ of Habeas Corpus, the Answer to the Petition, the Report

22  and Recommendation, and the record in this case, the Court concludes that the recommendation of the

23  Magistrate Judge is correct.  Petitioner's trial counsel's decisions not to employ identification experts,

24  introduce a motel receipt, or utilize a third party defense were tactical and do not equate to deficient

25  representation.   The record shows that trial counsel elected to attack eyewitnesses on cross-

26  examination, rather than call an identification expert.  The record also shows that introduction of the

27  motel receipt and or evidence regarding a third party's culpability would have accrued little benefit

28  to Petitioner.  In fact, the record reveals that trial counsel did not use a third party culpability defense

because Petitioner was the sole suspect, and a potentially culpable third party could not be found.

1   Finally, there were good reasons for trial counsel's not objecting to evidence that Petitioner was out

2   on parole during the robberies–one being that it might have highlighted negative evidence to the

3   jury–and in any case, Petitioner did not meet his burden to show that the admission of the parole

4   evidence was so prejudicial that it probably affected the verdict.

5                                               **CONCLUSION**

6          It is hereby **ORDERED** that the Report and Recommendation (Doc. # 30) is adopted in its

7   entirety and the Petition for Writ of Habeas Corpus is **DENIED** (Doc. # 1).  The Clerk of the Court

8   shall enter judgment in favor of Respondent.

9

10  DATED:  December 20, 2006

11

12                                              **WILLIAM Q. HAYES**
                                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28